# E. C. ATKINS & COMPANY *v.* MOORE, COMMISSIONER OF PATENTS.

## APPEAL FROM AND IN ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 86. Argued January 22, 1909.—Decided February 23, 1909.

Proceedings under the Trade-Mark Act of February 20, 1905, c. 592, 33 Stat. 724, and the specific provisions of § 9 thereof, are governed by the same rules of practice and procedure as in the instance of patents; and decisions of the Court of Appeals of the District of Columbia on appeals from the Commissioner of Patents are not reviewable by the court. *Frasch* v. *Moore*, 211 U. S. 1, followed;[1] *Gaines* v. *Knecht & Son*, 27 App. D. C. 530, approved.

PLAINTIFFS filed their application for a trade-mark on June 12, 1905, in which it was recited that—

"The trade-mark consists of a symbol composed of the letters 'AAA' . . . The trade-mark is usually displayed on the goods, by etching, stamping or otherwise marking the same upon the blade of the saw, and by inscribing same upon the packages containing such saws."

This was amended August 30, 1905, by adding the sentence—

"The trade-mark is shown with the letters arranged in the form of a monogram."

---

[1] The headnote in *Frasch* v. *Moore*, 211 U. S. 1, is as follows:

A decision of the Court of Appeals of the District of Columbia in an appeal from the Commissioner of Patents under Rev. Stat., §§ 4914, 4915, § 9 of the act of February 9, 1893, c. 74, 27 Stat. 434, and § 780, Rev. Stat., District of Columbia, is interlocutory and not final and is not reviewable by this court under § 8 of the act of February 9, 1893, either by appeal or writ of error. *Rousseau* v. *Brown*, 21 App. D. C. 73, approved.

The examiner suggested that the description of the trade-mark should be amended so as to read—

"The trade-mark consists of a monogram composed of the letters 'A.A.A.'"

Plaintiffs declined to comply with the suggestion, and appealed from the ruling of the examiner that such amendment should be made to the Commissioner of Patents, who, on February 20, 1906, overruled the decision of the examiner and held that the description was sufficient.

April 27, 1906, plaintiffs were notified that their—

"Application for the registration of a trade-mark for a symbol composed of the letters 'AAA,' for saws of all kinds, filed June 12, 1905, Ser. No. 7998, has been examined and passed for publication; in compliance with section 6 of the act authorizing the registration of trade-marks, approved February 20, 1905. The mark will be published in the Official Gazette of May 15, 1906."

The act of February 20, 1905, c. 592, § 1, 33 Stat. 724, provided that the applicant should file an application in writing, which should contain, among other things:

"A description of the trade-mark itself and a statement of the mode in which the same is applied and affixed to goods and the length of time during which the trade-mark has been used. With this statement shall be filed a drawing of the trade-mark, signed by the applicant or his attorney, and such number of specimens of the trade-mark, as actually used, as may be required by the Commissioner of Patents."

This act was amended by the act of May 4, 1906, c. 2081, § 1, 34 Stat. 168, by inserting after the words "description of the trade-mark itself," the words "only when needed to express colors not shown in the drawing."

On June 21, 1906, the Patent Office sent plaintiffs the following communication:

"Attention is directed to the act approved May 4, 1906, providing for a description of the trade-mark itself only when needed to express colors not shown in the drawing.

"Inasmuch as the trade-mark covered by this application cannot be registered until after July 1, 1906, when said act takes effect, applicant should direct the cancellation of the present description and of all of the preamble to the statement following the words 'have adopted for my use,' and the substitution therefor of the following words: '*the trade-mark shown in the accompanying drawing.*'

"If colors form a material part of the mark, a brief reference thereto should follow.

"An amendment as above indicated should be promptly filed to avoid delay in the use of the certificate."

Plaintiffs refused to comply with this suggestion, and, on July 16, 1906, the examiner declined to pass the application for registration.

A petition was thereupon presented by plaintiffs to the Commissioner, seeking the overruling of the action of the examiner, and, on November 22, 1906, the petition was denied.

An appeal was prosecuted to the Court of Appeals, which affirmed the decision of the Commissioner of Patents, and directed the clerk to "certify this opinion to the Commissioner of Patents, according to law."

An appeal and a writ of error were allowed.

*Mr. Chester Bradford,* with whom *Mr. Arthur M. Hood* and *Mr. E. W. Bradford* were on the brief, for appellant and plaintiff in error:

This court has jurisdiction of this case, which is not governed by the cases of *Gaines* v. *Knecht, post,* p. 561, and *Frasch* v. *Moore,* 211 U. S. 1. In order that a case may be brought here from the Court of Appeals of the District of Columbia, two conditions must concurrently exist: There must be a final judgment or decree, and a subject-matter defined by the statute must exist. Both these conditions exist in the case at bar. They did not exist in the cases above cited, which are clearly distinguishable. In the *Gaines case* and *Frasch case* there was no final judgment or decree upon the matter sought

to be reviewed, and there was therefore no statutory authority for bringing the cases to this court.

Those cases are not authorities in this case also, because the decision in this case was final, and there is no other means by which appellant and plaintiff in error can secure relief if it be denied here. The decision of the Commissioner, sustaining the ruling of the examiner, as affirmed by the Court of Appeals, was final, and binding upon the applicant. There is no other proceeding known to the law than that which has been adopted in coming to this court by which these actions may be reviewed.

When the appeal was taken and the writ of error sued out, it was supposed that the case of *Steinmetz* v. *Allen*, 192 U. S. 543, was sufficient authority for the proceeding. That was a case brought here from the same tribunal and under the same section of the statute, and in that case this court expressly held that it had jurisdiction. See also: *Bernardin* v. *Duell*, 172 U. S. 576; *Butterworth* v. *Hoe*, 112 U. S. 50. The cases cited by appellee and defendant in error can be distinguished.

*Mr. Assistant Attorney General Fowler* for appellee and defendant in error:

This court is without jurisdiction for two reasons: First. The judgment of the Court of Appeals is not final within the meaning of § 8 of the act of February 9, 1893, 27 Stat. 436; Code Dist. Col., § 233, which specifies what judgments of that court may be reviewed by this court on appeal or writ of error. The manifest purpose of § 9 of the Trade-Mark Act of February 20, 1905, 33 Stat. 727, was to place appeals to the Court of Appeals from decisions of the Commissioner of Patents in proceedings arising under applications for trade-marks, and also the judgments of that court upon such appeals, upon the same footing with such appeals to and judgments thereof in applications for patents. See *Frasch* v. *Moore*, 211 U. S. 1, and *Gaines* v. *Knecht, post*, p. 561. Second. Because the matter in dispute is of no certain value and there is not drawn in question

"the validity of . . . a statute of, or an authority exercised under the United States."

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

In *Frasch* v. *Moore*, 211 U. S. 1, it was held that decisions in the Court of Appeals of the District of Columbia in appeals from the Commissioner of Patents under § 9 of the act of February 9, 1893, c. 74, 27 Stat. 434, were interlocutory and not final, and not reviewable by this court under § 8 of that act, because not final judgments or decrees within the meaning of that section. When certified to the Commissioner of Patents, they "govern the further proceedings in the case," (Revised Statutes, § 4914), but are not final judgments or decrees at law or in equity within the purview of § 8.

In *Gaines & Company* v. *Knecht & Son, post*, p. 561, we applied the same rule to a writ of error to the decision of the Court of Appeals, rendered on appeal to that court from a decision of the Commissioner of Patents in proceedings arising under an application for a trade-mark, contenting ourselves with this memorandum, announced December 14, 1908:

"Writ of error dismissed for want of jurisdiction. *Frasch* v. *Moore*, 211 U. S. 1; see Act of February 20, 1905, for the registration of trade-marks, 33 Stat. 724, c. 592, sections 9, 16, 17, 18 *et passim.*"

Section 9, there referred to, provides:

"That if an applicant for registration of a trade-mark . . . is dissatisfied with the decision of the Commissioner of Patents, he may appeal to the Court of Appeals of the District of Columbia, on complying with the conditions required in case of an appeal from the decision of the Commissioner by an applicant for a patent, or a party to an interference as to an invention, and the same rules of practice and procedure shall govern in every stage of such proceedings as far as the same may be applicable."

*Gaines* v. *Knecht* was a case of opposition to the registration of a trade-mark under §§ 6 and 7 of the act of February 20, 1905, the objections being that the act was unconstitutional, and also that the applicant's mark was so similar to the mark of opponent that it would be likely to lead to confusion, and enable applicant to perpetrate a fraud on the public. The examiner of interferences dismissed the opposition, and from his decision the case was appealed to the Commissioner, who affirmed the decision. An appeal was then taken to the Court of Appeals, and that court affirmed the Commissioner, and "ordered that this decision and the proceedings in this court be certified to the Commissioner of Patents, as required by law." The court said, among other things, that the appeal was "an appeal from the decision of an officer of the executive department performing a ministerial act. He has treated the statute as valid, and so he ought to have treated it until it is otherwise determined by the courts. . . . It may be true that the Commissioner acts in a judicial capacity in determining whether the applicant is the owner of the trade-mark, and whether it is one of those marks the registration of which is prohibited, but when he has determined these in favor of the applicant the act to be performed by him is ministerial merely, and that is the act which it is claimed he should have refused to perform, on the ground that the statute is unconstitutional. Such judicial proceedings as there are issue and culminate in a purely ministerial act—the mere-registration of a mark which, if the statute is void, cannot possibly prejudice the right of the opponent or of any one else. It is not as if the culminating act interfered with the person or property of others. We sit to review the action of the officer from the same standpoint which he was bound to take. Although the case is now before a court, the case itself is not changed, nor are the rules changed by which it should be decided. It is for this court to say merely whether his decision was right or wrong. We think he did not err in treating the act as valid. When some case shall arise in which rights of person or property must be affected by the de-

cision it will become necessary to consider the question now attempted to be raised; but to pass upon it now would be to decide a question of theory alone, and this is not the province of a court." 27 App. D. C. 530, 532.

In the light of the various details of the act of February 20, 1905, and of the specific provisions of § 9, we were of opinion that proceedings under the act were governed by the same rules of practice and procedure as in the instance of patents, and the writ of error was accordingly dismissed. The same result must follow in the present case.

Under § 4914 of the Revised Statutes no opinion or decision of the Court of Appeals on appeal from the Commissioner precludes "any person interested from the right to contest the validity of such patent in any court wherein the same may be called in question," and by § 4915 a remedy by bill in equity is given where a patent is refused, and we regard these provisions as applicable in trade-mark cases under § 9 of the act of February 20, 1905.

*Appeal and writ of error dismissed.*