**WILCOX v. COE, Com'r of Patents (two cases).**

Nos. 66339, 66340.

District Court of the United States for the District of Columbia.

April 17, 1940.

Thomas E. Scofield, of Kansas City, Mo., and Ralph H. Hudson, of Washington, D. C., for plaintiff in both cases.

W. W. Cochran, of Washington, D. C., for defendant in both cases.

LUHRING, Justice.

This is a proceeding under 35 U.S.C. § 63, 35 U.S.C.A. § 63, to obtain a patent. The cases were consolidated for trial.

In Equity No. 66,339, the patent sought is for an "Apparatus and Process for the Production of Carbon Black and Acetylene by the Pyrolysis of Hydrocarbon Gases and Vapors."

The application was filed with the Patent Office on July 16, 1934 and was given serial number 735,442. There were twenty-four claims, all of which were rejected by the Examiner on the prior art. On appeal the Board of Appeals affirmed the decision of the Examiner July 31, 1937. The bill of complaint herein was filed January 21, 1938.

At the pretrial hearing, October 11, 1939, the plaintiff, having withdrawn sixteen of the claims, left for consideration of the court claims 13, 27, 28, 33, 34, 38, 39 and 49.

Equity No. 66,340 involves plaintiff's application number 733,794, filed July 5, 1934 for a patent on a "Process of Obtaining Carbon Black by the Prolytic Dissociation of Hydrocarbon Gases and Vapors."

Thirty claims were involved in this application and were rejected by the Examiner and held to be unpatentable over the prior art. The Board of Appeals affirmed the decision of the Examiner July 31, 1937. The complaint was filed in this court January 21, 1938.

The plaintiff at the pretrial hearing withdrew nineteen of the claims, thus leaving for consideration by the court claims numbered 3, 4, 11, 18, 20, 23, 29, 31, 32, 33 and 38.

On the hearing of these cases, the court was furnished with copies of the patents exemplifying the prior art cited by the Examiner, the Examiner's statement on appeal and the opinion of the Board of Appeals.

The plaintiff placed in evidence a copy of the specifications and drawings, an analysis of the claims and a so-called "Digest of Patents cited in Prosecution of Serial No. 735,442" and of serial number 733,794, having reference to the prior art involved in Equity No. 66,339 and 66,340 respectively. The plaintiff gave oral testimony.

The plaintiff in his brief states: "The sole controversy in the instant case is whether or not prior issued patents anticipate the inventions of plaintiff, and whether or not plaintiff has satisfactorily differentiated its invention from this prior art by the terminology and limiting elements included in the claim in suit."

The only purpose of the proceeding here is to secure a review of the patent office record. It is an appeal from the decision of the Board of Appeals of the Patent Office. The testimony of the plaintiff is cumulative. The Patent Office tribunals have applied the references in detail to the claims in issue and have clearly pointed out wherein such claims are unpatentable over the prior art.

Exclusive jurisdiction of appeals from the refusal of the Commissioner of Patents to issue a patent is committed to the United States Court of Customs and Patent Appeals by 35 U.S.C. § 59a, 35 U.S.C.A. § 59a. The relief sought here is afforded by that court. However, to invoke the jurisdiction of the United States Court of Customs and Patent Appeals, the appeal must be taken within forty days after the decision of the Board of Appeals. Rule 149 of the Rules of Practice of the Patent Office. Under 35 U.S.C. § 63, 35 U.S.C.A.

§ 63, a bill in equity may be filed within six months after the refusal of the patent. The bills of complaint were filed ten days before the expiration of that period.

"In the mine-run of cases that come up through the Patent Office the record of the trial court is a mere repetition of the record of the Patent Office. In such situations, i. e., where the new evidence is not important or at most cumulative in nature, it is only reasonable that the finding of the Patent Office should assume 'well nigh dominating importance' in the trial court." Globe-Union, Inc., v. Chicago Telephone Supply Co., 7 Cir., 103 F.2d 722, 727.

Our Court of Appeals in Abbott v. Coe, App.D.C., 109 F.2d 449, held that a mere preponderance of evidence is not enough to justify the reversal of the Patent Office, when that office has decided a technical question of invention.

The court has examined the references carefully and is of opinion, and finds, that the claims in each of the cases are unpatentable over the prior art, and that the bills of complaint should be dismissed.

Counsel for the defendant will prepare and submit to the court in each case detailed findings of fact and state conclusions of law in accord with this memorandum as required by Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, together with appropriate judgments dismissing the bills of complaint.