## GARDEL INDUSTRIES v. KINGSLAND, Commissioner of Patents, et al.

### Nos. 9911, 9912.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 6, 1949.

Decided Nov. 30, 1949.

Mr. Herbert J. Jacobi, Washington, D. C., for appellant.

Mr. Walter J. Derenberg, Washington, D. C., with whom Mr. W. W. Cochran, Former Solicitor, United States Patent Office, Washington, D. C., was on the brief, for appellee Kingsland. Mr. Edwin L. Reynolds, Washington, D. C., also entered an appearance for appellee Kingsland.

Mr. Hugh N. Orr, San Francisco, Cal., of the Bar of the Supreme Court of California, pro hac vice, with whom Mr. Raymond J. Mawhinney, Washington, D. C., was on the brief, for appellee Nancy Ann Storybook Dolls, Inc.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Circuit Judges.

PER CURIAM.

These are appeals from orders of the District Court of the United States for the District of Columbia, granting appellees' motions to dismiss. Gardel Industries, Inc., is engaged in the manufacture of dolls and applied to the Commissioner of Patents for registration of trade-marks "Birthstone Doll" and "Birthstone Doll of the Month". Nancy Ann Storybook Dolls, Inc., resident of California, filed opposition to the registration, alleging interference with its pending applications for registration of the trade-marks "Birthday Dolls" and "Dolls of the Month". The Examiner of Interferences dismissed the opposition, on the ground that the opposer failed to establish prior use of the marks. Thereafter, on July 5, 1947, the Lanham Trade-Mark Act of 1946 [1] became effective. On appeal to the Commissioner, the Examiner was reversed, the decision of the Commissioner being entered in August of 1947. In February, 1948, Gardel Industries, Inc., filed these civil actions in the District of Columbia under Section 4915 of the Revised Statutes,[2] naming as defendants both the Commissioner and Nancy Ann Storybook Dolls, Inc.

Section 21 of the Lanham Trade-Mark Act [3] provides, in part, that in an inter partes proceeding under Section 4915 the Commissioner of Patents shall not be a necessary party. Section 46(a) [4] provides that the new act shall not affect suits, proceedings or appeals pending on its effective date. It also repeals all former trade-mark acts, in so far as they are inconsistent with the new act, but contains a proviso "That this repeal shall not affect the validity of registrations granted or applied for under any of said Acts prior to the effective date of this Act, or rights or remedies thereunder except * * * [exceptions not applicable]."

The District Court granted the motions to dismiss, on the ground that the actions could not proceed in the absence of the necessary party, Nancy Ann Storybook Dolls, Inc., the opposer.

Two questions are raised on the appeals, first, whether the Commissioner is a necessary party in a Section 4915 proceeding under the new Trade-Mark Act and, second, whether the new act applies to these cases.

█ We held in Barron-Gray Packing Co. v. Kingsland [5] that under the prior act an applicant for a trade-mark could proceed in the District of Columbia against the Commissioner of Patents alone, since he was the necessary party. Section 21 of the new act clearly provides that the Commissioner of Patents is not a necessary party in this type of proceeding. Since there must be at least one defendant in an inter partes proceeding, it follows that the opposer is a necessary party under the new act.

█ The other question is covered by Section 46 of the new act. On July 5, 1947, the date that act became effective, there was pending an appeal to the Commissioner of Patents. With respect to that proceeding, the old act remained in force. After the decision of the Commissioner was rendered, these proceedings under Section 4915 were brought in the District Court. These were suits de novo. They were not begun until after the new act became effective. To be sure, when brought they became part of the proceeding upon the application,[6] and if they had been pending when the new act became effective, that proceeding would then have been pending. In the same sense, an appeal is part of an action; but until it is filed it is not pending. So, between the time of the Commissioner's decision and the time these ac-

1. 60 Stat. 427, 15 U.S.C.A. § 1051 et seq.

2. 35 U.S.C.A. § 63.

3. 60 Stat. 435, 15 U.S.C.A. § 1071.

4. 60 Stat. 444, quoted in part in Historical Note to 15 U.S.C.A. § 1051.

5. 1948, 84 U.S.App.D.C. 28, 171 F.2d 576.

6. American Steel Foundries v. Robertson, 1923, 262 U.S. 209, 43 S.Ct. 541, 67 L.Ed. 953.

976

tions under Section 4915 were filed, nothing was pending. Therefore, these proceedings were not pending on the effective date of the new act, and that act applies to them.

It is argued that a Section 4915 action is a remedy; that under the prior acts that action could be brought in the District of Columbia against the Commissioner alone; that the effect of applying Section 21 of the new act is to make the unsuccessful applicant proceed in the court of the opposer's domicile; that this is a change in the remedy available to this applicant in respect to its application made before the effective date of the new act; and that, therefore, the clause in Section 46(a) which provides that remedies thus available shall not be affected by the repeal of prior acts, saved inviolate to applicant his remedy as it was under the prior act.

■ We think this latter provision in Section 46(a) is a saving clause only against the effect of the *repeal* of prior acts; it does not suspend the effectiveness of the new act itself, except in so far as the new act would conflict with a repealed provision. That is to say, the effect of Section 46(a) is that the provisions of the new statute apply, except as to pending proceedings, but that the repeal of old statutory provisions does not deprive applicants, whose applications had theretofore been made, of the rights and remedies afforded by any repealed statute.

■ Section 21, in providing that the Commissioner of Patents shall not be a necessary party in an inter partes proceeding under Section 4915, does not conflict with any repealed statute nor with any right or remedy afforded by any such. No repealed act provided that the Commissioner *should be* a necessary party. The effectiveness of Section 21 does not, therefore, depend upon a repeal. It is a new and added rule. It would be effective had there been no repeal of prior acts. Consequently, we hold that Section 21 applies to all actions under Section 4915 which were begun after the effective date of the statute under consideration.

The orders of the District Court are Affirmed.