R. J. MORAN CO. v. SEECK & KABE, Inc.

United States District Court
S. D. New York.

June 14, 1950.

Bader & Bader, New York City, (Harold E. Cole, Boston, Mass., of counsel), for plaintiff.

C. P. Goepel, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

The defendant has moved to dismiss the complaint or, in the alternative, to strike paragraphs 10 to 17 inclusive of the complaint.

Plaintiff has filed suit under Section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, which provides in part as follows: "§ 63. *Bill in equity to obtain patent.*

"Whenever a patent on application is refused by the Board of Appeals or whenever any applicant is dissatisfied with the decision of the board of interference examiners, the applicant, unless appeal has been taken to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal or decision; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law."

Section 21 of the Lanham Trade-Mark Act, 15 U.S.C.A. § 1071, provides that: "Any applicant for registration of a mark, party to an interference proceeding, party to an opposition proceeding, party to an application to register as a lawful concurrent user, party to a cancellation proceeding, or any registrant who has filed an affidavit as provided in section 1058 of this title, who is dissatisfied with the decision of the Commissioner may appeal to the United States Court of Customs and Pat-

ent Appeals or may proceed under section 63 of Title 35, as in the case of applicants for patents, under the same conditions, rules, and procedure as are prescribed in the case of patent appeals or proceedings so 'far as they are applicable: *Provided,* That any party who is satisfied with the decision of the Commissioner shall, upon the filing of an appeal to the Court of Customs and Patent Appeals by any dissatisfied party, have the right to elect to have all further proceedings under section 63 of Title 35, by election as provided in section 59a of Title 35. The Commissioner of Patents shall not be a necessary party to an inter partes proceeding under section 63 of Title 35, but he shall be notified of the filing of the bill by the clerk of the court in which it is filed and the Commissioner shall have the right to intervene in the action."

Plaintiff applied for the registration of the name "Syrutussin" as a trade-mark for "cough syrup". Defendant filed a notice of opposition based on the registration of its trade-mark "Pertussin" for a "medicinal preparation recommended for the treatment of coughs, irritations of the throat, catarrhal conditions, and affections of the respiratory tract generally", registered as trade-mark No. 271,212 on May 27, 1930.

The Examiner of Trade-Mark Interferences sustained the notice of opposition and also dismissed a counterclaim by plaintiff for cancellation of defendant's registration. This decision was affirmed by the Commissioner of Patents on February 1, 1950. Seeck & Kade, Inc. v. R. J. Moran Co., 40 T.M.R. 162. Plaintiff brought suit under Sec. 4915 against the defendant and the Commissioner of Patents in the United States District Court for the District of Columbia on March 15, 1950. The defendant, appearing specially, and the Commissioner moved to dismiss on the grounds that the Commissioner was not a proper party to the action since he was not a necessary or an adverse party, Sec. 1071, supra, and that jurisdiction over the defendant, a New York corporation, had not been obtained. The defendant also alleged lack of jurisdiction over the subject matter of the action. The action in

190

that District Court was dismissed without opinion on April 26, 1950.

Plaintiff has now brought suit against the defendant in the district in which jurisdiction can be obtained over the person of the defendant.

■ The defendant now moves to dismiss on the ground that it is not a proper party but that the action should be brought against the Commissioner of Patents who is an indispensable party. This position is both inconsistent with the defendant's prior position and furthermore has no support. Section 1071, supra, expressly states that the Commissioner is not a necessary party in a proceeding under that Section. In a case almost identical with the instant case the Court of Appeals for the Circuit Court of the District of Columbia has held that the opposer to the application to register a trade-mark, and not the Commissioner of Patents, is the necessary party under Section 1071. Cardel Industries v. Kingsland, 1949, 85 U.S. App.D.C. 414, 178 F.2d 974. Defendant contends that the plaintiff should appeal from the dismissal of the Washington, D. C. action. Since the Court of Appeals in that Circuit has already spoken on the question of who is the proper party to be sued, it would be useless to appeal there. Plaintiff has properly brought suit under Section 1071 in this District.

■ Defendant also alleges that the complaint is insufficient under Section 4915 in failing to state any new matter not presented before the Commissioner of Patents. Under Section 4915 an applicant is given a choice of remedies. He may appeal to the U. S. Court of Customs and Patent Appeals or bring suit in a district court. If the applicant is satisfied with the record made before the Commissioner, his proper course is to appeal to the Court of Customs and Patent Appeals. If he is not satisfied, but instead desires to supplement the record with new matter, his proper course is an equity suit under Section 4915, which is a trial de novo. However, the applicant has a right to choose to sue under Section 4915 without submitting new matter if he feels that for some reason or another it is inadvisable to appeal to the Court of Customs and Patent Appeals. See General Electric Co. v. Hygrade Sylvania Corp., D.C.S.D.N.Y.1944, 61 F.Supp. 476, 499–500. It is true that where no new evidence is presented at the trial of a Section 4915 suit, the trial court may view the Patent Office's findings as of "dominating importance". See Wilcox v. Coe, D.C.D.C.1940, 33 F.Supp. 714, 716; Empire Crafts Corp. v. National Silver Co., D.C.S.D.N.Y.1945, 60 F.Supp. 1020, 1023; Minnesota Min. & Mfg. Co. v. Coe, D.C.D.C.1942, 49 F.Supp. 706, 708. What the defendant is asking this Court to do is pre-judge the action. The Court cannot do this; the plaintiff is entitled to a trial and can argue his allegations of error or present new evidence at that time. The Court cannot say at this time that plaintiff has no new evidence.

■ The defendant alleges that since one of the grounds in support of its motion for dismissal in the Washington, D. C. action was failure to state a claim upon which relief can be granted, the dismissal of that action is *res adjudicata* on the present motion. The Court has little doubt but that the dismissal in the Washington action was predicated upon the lack of jurisdiction over the person of the defendant. The dismissal is certainly not *res adjudicata* as to the jurisdiction of any and every district court over the subject matter of the complaint.

■ Defendant has also moved to strike paragraphs 10 through 17 of the complaint as being redundant, immaterial and impertinent. Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.C.A.. These paragraphs are the heart of plaintiff's complaint. They allege the manner in which the Commissioner of Patents erred in failing to dismiss the opposition to its application, and in failing to cancel defendant's registration. These paragraphs certainly are not redundant, immaterial or impertinent.

Defendant's motions to dismiss and to strike are denied.

Settle order in accordance with this decision.