## GOLD SEAL CO. v. MARZALL.

### No. 10670.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 22, 1950.

Decided May 3, 1951.

Edward B. Beale, Washington, D. C., with whom Maurice M. Moore, Minneapolis, Minn., on the brief, for appellant.

E. L. Reynolds, Solicitor, U. S. Patent Office, Washington, D. C., for appellee.

Before WILBUR K. MILLER, PRETTYMAN and FAHY, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

On November 23, 1945, the Gold Seal Company, a partnership, filed in the Patent Office its application for the registration of a trade-mark, under the Act of February 20, 1905, as amended, 15 U.S.C.A. § 81 et seq. Later, an instrument duly recorded in the Patent Office assigned the application and the trade-mark therein described to the Gold Seal Company, a corporation, which is the appellant in this case.

Publication of appellant's application was followed by an opposition proceeding initiated by Lever Brothers Company and instituted by the Patent Office. From the decision of the Examiner of Trade-Mark Interferences which sustained the opposition, the Gold Seal Company appealed to the Commissioner of Patents, who held there was reasonable likelihood of confusion between the Gold Seal and Lever Brothers marks, and for that reason upheld the Examiner and refused registration to the appellant.

On September 20, 1949, the Gold Seal Company filed a complaint in the United States District Court for the District of Columbia, seeking a decree authorizing and directing the Commissioner of Patents to register its trade-mark. This was proper practice under the Act of February 20, 1905, as amended, because the Supreme Court had held in Baldwin Company v. Robertson, 1924, 265 U.S. 168, 179, 44 S.Ct. 508, 509, 68 L.Ed. 962, "* * * that the assimilation of the practice in respect of the registration of trade-marks to that in securing patents as enjoined by § 9 of

the Trade-Mark Act [15 U.S.C.A. § 89] makes section 4915, R.S. [35 U.S.C.A. § 63] providing for a bill in equity to compel the Commissioner of Patents to issue a patent, applicable to a petition for the registration of a trade-mark when rejected by the Commissioner. American Steel Foundries v. Robertson, 262 U.S. 209, 43 S.Ct. 541, 67 L. Ed. 953; Baldwin Co. v. [R.S.] Howard Co., 256 U.S. 35, 39, 41 S.Ct. 405, 65 L.Ed. 816; Atkins & Co. v. Moore, 212 U.S. 285, 291, 29 S.Ct. 390, 53 L.Ed. 515."

Moreover, under the assimilated practice enjoined by § 9 of the Trade-Mark Act of 1905, a defeated applicant for the registration of a trade-mark could maintain a suit in equity under R.S. § 4915 against the Commissioner of Patents alone. Barron-Gray Packing Company v. Kingsland, 1948, 84 U.S.App.D.C. 28, 171 F.2d 576, certiorari denied 1949, 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1100; Speed Products Company v. Tinnerman Products, Inc., 1948, 83 U.S. App.D.C. 243, 171 F.2d 727; Tomlinson of High Point v. Coe, 1941, 74 App.D.C. 364, 123 F.2d 65; Alexandrine v. Coe, 1934, 63 App.D.C. 227, 71 F.2d 348.

After the appellant's application for registration was filed, but before this suit was instituted, important changes in the trade-mark statutes were made by an Act of July 5, 1946, 60 Stat. 427, 15 U.S.C.A. § 1051 et seq., called the Lanham Trade-Mark Act, which became effective one year after its enactment. Section 21 of the new measure, 15 U.S.C.A. § 1071, included the following: "* * * The Commissioner * * * shall not be a necessary party to an inter partes proceeding under section 63 of Title 35 [R. S. § 4915] * * *."

This reversed the former practice, so that the Commissioner could no longer be made the sole defendant in a suit under R.S. § 4915, where there was an opposing party.

While the present case was pending in the District Court, awaiting trial on the merits, our opinion in Gardel Industries v. Kingsland, 1949, 85 U.S.App.D.C. 414, 178 F.2d 974, 975, was handed down. In it we held that § 21 of the 1946 Act applies to all trade-mark actions under R.S. § 4915 which are begun after its effective date of July 5, 1947, even though the Patent Office proceedings were pending before and at that time. Relying upon the Gardel decision, the Commissioner moved to dismiss the complaint in this case "* * * on the ground that the action cannot proceed in the absence of the necessary party, Lever Brothers Company, the opposer in the Patent Office proceeding on which this action is based."

In like reliance, the District Court granted the motion and dismissed the complaint.

The appellant admits that, to obtain a favorable decision on this appeal, it must ask us to depart from our decision in Gardel Industries v. Kingsland. The Commissioner agrees that such departure would require reversal in this case, saying in his brief: "* * * It is conceded, on behalf of the appellee, that if the present case is to be treated without regard to section 21 of the 1946 Act, then under the prior decisions of this Court the motion to dismiss should not have been granted."

The agreed question is, therefore, whether we correctly held in the Gardel case that § 21 of the Lanham Act applies to any trade-mark suit under R.S. § 4915 filed after July 5, 1947 (the effective date of that Act), regardless of the fact that the Patent Office proceeding which gave rise to it was instituted before, and was pending on, that date.

In Gardel Industries v. Kingsland, Gardel argued, just as the Gold Seal Company does in this case, that the Act of February 20, 1905, as amended, afforded to an unsuccessful applicant the remedy of filing a bill in equity under R.S. § 4915 against the Commissioner alone; that the effect of applying § 21 of the new Act to the suit of one who had applied for registration before the effective date of the new statute is to change the remedy which he had under the Act of 1905 by requiring him to proceed in the court of the opposer's domicile; and that § 46(a) of the new Act [1] prevents such a consequence, and saves in-

1. 60 Stat. 444; Historical Note following 15 U.S.C.A. § 1051.

violate to such an applicant the remedy which he had under prior acts by providing "* * * That this repeal [of former acts] shall not affect the validity of registrations granted or applied for under any of said Acts prior to the effective date of this Act, or rights or remedies thereunder except * * *." (Exceptions inapplicable here.)

With respect to that argument we said in Gardel Industries v. Kingsland, 85 U.S.App. D.C. at page 416, 178 F.2d at page 976: "Section 21, in providing that the Commissioner of Patents shall not be a necessary party in an inter partes proceeding under Section 4915, does not conflict with any repealed statute nor with any right or remedy afforded by any such. No repealed act provided that the Commissioner *should be* a necessary party. The effectiveness of Section 21 does not, therefore, depend upon a repeal. It is a new and added rule. It would be effective had there been no repeal of prior acts. Consequently, we hold that Section 21 applies to all actions under Section 4915 which were begun after the effective date of the statute under consideration."

The holding just quoted depends for validity upon its premise that "No repealed act provided that the Commissioner *should be* a necessary party"; that is, that no repealed act provided that the Commissioner could be made the sole defendant in a proceeding under R.S. § 4915. If the premise is invalid, so is the holding.

To be sure, no repealed act provided by its own terms that an unsuccessful applicant for a trade-mark could institute a suit under R.S. § 4915 against the Commissioner of Patents *alone*. Although the repealed Act of February 20, 1905, as amended, did provide by its own terms that an unsuccess-ful applicant could institute a suit under R. S. § 4915 against the Commissioner of Patents, it did not expressly provide that he could be made the sole defendant. We held, however, in Barron-Gray Packing Company v. Kingsland, supra, and the three other cases cited with it earlier in this opinion, that such a suit could be maintained against the Commissioner as the only defendant. Certiorari was denied by the Supreme Court in the Barron-Gray case and was not sought in the other three, so our opinions therein were thereafter authoritative for this jurisdiction; that being true, our holding that the Commissioner could be sued alone inhered afterward in the trade-mark statutes as though it were an integral part thereof. Gulf, C. & S. F. Ry. v. Moser, 1927, 275 U.S. 133, 136, 48 S.Ct. 49, 72 L.Ed. 200; United States v. Republic Steel Corp., D.C.N.D. Ohio 1935, 11 F.Supp. 117, 123; Winters v. New York, 1948, 333 U.S. 507, 514, 68 S.Ct. 665, 92 L.Ed. 840; Douglass v. County of Pike, 1879, 101 U.S. 677, 687, 25 L.Ed. 968.

In deciding the Gardel case, we overlooked the principle to which we have just referred and, therefore, made the statement, which we now regard as erroneous, that "No repealed act provided that the Commissioner *should be* a necessary party." It follows that the Gardel case was incorrectly decided and must be overruled.

We hold that § 21 of the Act of July 5, 1946, is not applicable to a proceeding brought under R.S. § 4915 by one whose application for registration of a trade-mark was filed before July 5, 1947, the effective date of the Act of 1946. Such an applicant is entitled to the remedy afforded by the Act of 1905, which was to sue the Commissioner alone, without joining the opposer.

Reversed.