DAGGETT & RAMSDELL, Inc. v. MARZALL, Commissioner of Patents et al.

Civ. No. 54–52.

United States District Court District of Columbia.

May 7, 1952.

Francis C. Browne, Jewett, Mead, Browne & Schuyler, Washington, D. C., for plaintiff.

E. L. Reynolds, Solicitor, U. S. Patent Office, Washington, D. C., for defendant Commissioner.

John W. Brennan, Washington, D. C., for defendant Lactona, Inc.

MORRIS, District Judge.

This is an action brought under Section 9 of the Trade-Mark Act of 1905, now 15 U.S.C.A. § 1071, and Section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, by the plaintiff, who opposed the registering by the defendant Commissioner of Patents of a trade-mark. upon the application of the defendant Lactona, Inc., which the plaintiff insists should not be registered because of the long use by the plaintiff of a similar trade-mark. Notwithstanding the opposition of the plaintiff, the Commissioner of Patents granted the application of the defendant Lactona, Inc. The plaintiff seeks process against the defendant Lactona, Inc., which is a corporation organized under the laws of the State of Minnesota, and has its place of business at St. Paul, in the State of Minnesota, and cannot.be found within the District of Columbia, under the provisions of 35 U.S.C.A. § 72a, for service upon adverse parties residing in a plurality of districts not embraced within the same State.

The defendant Commissioner of Patents has moved to dismiss the complaint upon the ground that he is not a necessary or proper party to a determination of the controversy between the plaintiff and the defendant Lactona, Inc., and he is, therefore, not an adverse party within the meaning of 35 U.S.C.A. § 72a. The defendant Lactona, Inc., has moved to dismiss the complaint on the ground that the Court lacks jurisdiction of said defendant. A hearing was had upon the pending motions, and supplemental briefs were filed at the request of the Court.

In view of the fact that the Lanham Trade-Mark Act of 1946, 60 Stat. 435, 15 U.S.C.A. § 1071, did not go into effect so as to apply to the instant controversy, I am of the view that the action of this Court in this case is controlled by the decision of Baldwin Co. v. Robertson, 265 U. S. 168, 44 S.Ct. 508, 68 L.Ed. 962, and by the Continental Distilling Corporation v. Old Charter Distillery Co., 88 U.S. App.D.C. 73,. 188 F.2d 614, which follows the Baldwin case, and which there holds that the Commissioner of Patents is a proper and adverse party in the proceedings there considered. There, also, an adverse party is subjected to the jurisdiction of this Court under the provisions of 35 U.S.C.A. § 72a. I, therefore, feel that the motion of the defendant Commissioner of Patents to dismiss the complaint and the motion of the defendant Lactona, Inc., to dismiss the complaint must both be denied, and the motion of the plaintiff for process upon the de-

fendant Lactona, Inc., under the provisions of 35 U.S.C.A. § 72a. must be granted.

Counsel will prepare and submit an appropriate order carrying this decision into effect.