**GOLD SEAL CO. v. SAWYER et al.**

**Civ. A. 1078–52.**

United States District Court
District of Columbia.

July 3, 1952.

---

Beale & Jones, Washington, D. C., for plaintiff.

E. L. Reynolds, Sol., Washington, D. C., for defendants.

BASTIAN, District Judge.

Plaintiff brings this action under Section 4915 of the Revised Statutes, 35 U.S. C.A. § 63, to require defendant, Secretary of Commerce, and defendant, Commissioner of Patents, to grant a certificate of registration for a trade-mark to plaintiff.

The defendants have filed a motion to dismiss on the ground that a necessary party to the suit, the opposer to the registration, Johnson Wax Company, has not been named. An interesting matter involving both procedure and substantive right is presented.

Prior to 1946 the Courts held that where, in a trade-mark opposition hearing, the Commissioner of Patents denied registration, the successful opposer is a proper but not indispensable party to an action under Section 4915 and, therefore, an applicant for a trade-mark could proceed against the Commissioner of Patents alone. Barron-Gray Packing Co. v. Kingsland, 84 U.S.App.D.C. 28, 171 F.2d 576.

In 1946 the Lanham Trade-Mark Act was passed, Section 21 of which contained the following:

"The Commissioner of Patents shall not be a necessary party to an inter partes proceeding under Section 63 of Title 35".

Under that Act, our Court of Appeals held that:

"Since there must be at least one defendant in an inter partes proceeding, it follows that the opposer is a necessary party under the new act." Gardel Industries v. Kingsland, 85 U.S. App.D.C. 414, 178 F.2d 974, 975.[1]

---

1. The decision in Gardel Industries v. Kingsland was overruled in Gold Seal Co. v. Marzall, 88 U.S.App.D.C. 376, 190 F.2d 290, on the ground only that Sec. 21 of the Lanham Act was not applicable to a proceeding brought under R.S. 4915

In ex parte proceedings, "the opposer has no right to be heard on the ex parte ground". Baxter Laboratories v. Don Baxter, Inc., 186 F.2d 511, 513, 38 C.C.P.A., Patents, 786. Therefore, in ex parte proceedings before the Court on appeal, only the Commissioner of Patents is the necessary party.

The question in the present case is then: Was the proceeding in the Patent Office an ex parte matter or an inter partes matter?

The Commissioner on the registration hearing made the following findings:

1. That the mark was descriptive or deceptively misdescriptive so as to make it non-registrable under the provisions of Section 2(e) of the Act.

2. That applicant did not properly proceed under Section 2(f) of the Act, which section allows an applicant to have his mark registered, even though it is descriptive, if said mark has been used for a period of time so as to make it distinctive as the applicant's goods in commerce.

The Commissioner refused to consider the mark as being registrable under Section 2(f) (p. 10 of the report), and proceeded solely on the issue of whether or not the mark was descriptive or deceptively misdescriptive as set down by Section 2(e). He did not, however, preclude the applicant from further pursuing the question of whether or not the mark was registrable under Section 2(f). There is no indication that the appellant did avail himself of this ruling and further pursue his remedy under this section by proceeding in the proper manner.

The applicant appealed to this Court on substantially these two grounds:

1. That the Commissioner erred in not finding that applicant proceeded properly under Section 2(f).

2. That the Commissioner erred in finding that the mark was descriptive or deceptively misdescriptive.

Although the wording of Section 21 of the Lanham Act is quite clear, uncertainty exists as to what the words "inter partes" were meant to embrace. In cases where the Commissioner refuses, in an administrative ruling, to issue a trade-mark, only the Commissioner of Patents need be sued; an ex parte action exists and the Commissioner is the only necessary party defendant in a Court action. The problem of necessary parties arises when an opposition is filed by a third party.

■ In hearings before the Commissioner to have a trade-mark registered, where an opposition is filed by a third party who claims *priority* to the trade-mark in question, the Commissioner sits as a judge or impartial hearer of the facts. If one of the parties appeals to the Court from the decision of the Commissioner under the provisions of R.S. 4915, the District Judge replaces the Commissioner as the hearer of the facts. The real adverse party to the registrant of the mark is then the opposer, because the Commissioner merely sits as a disinterested referee, assuming that the mark is intrinsically registrable. In such cases then, the opposer would be the indispensable party.

■ The other type of opposition proceeding involves cases where, as here, a third party files objections to the registration of a mark on the ground that the mark is inherently non-registrable. In such proceedings, the real parties in interest are the registrant and the Commissioner. The Commissioner does not sit as a referee between two contending parties but, rather, as a party who represents the public interest. The opposer is merely a portion of the public whose interests are represented by the Commissioner. Since the Commissioner is the only duly authorized representative of the public, he is the indispensable party.

Clearly, the purpose of Section 21 of the Lanham Act was to limit the number of

by one whose application for registration of a trade-mark was filed before July 5, 1947. Such an applicant is entitled to the remedy afforded by the Act of 1905, which is to sue the Commissioner of Patents alone, without joining

the opposer. In the present case, plaintiff did not file application for registration until Dec. 16, 1947. In the Gardel case, however, one of the issues was priority, obviously making an "inter-partes" proceeding.

proceedings in which the Commissioner must appear. The purpose seems to be to eliminate the Commissioner as a party in those cases where the Commissioner acted as a trier between two (or more) litigating parties. There is no longer, in such cases, any need for him to appear, although he may do so, if he wishes. Court proceedings are to be left to the real litigants.

However, Congress did not intend that the Commissioner be relieved as a party where he is the party against whom redress is being sought; that is, in cases which do not involve priority but, rather, matters pertaining to the registration as such.

■ In the present case, the opposition was based on the ground that the mark sought to be registered was descriptive or deceptively misdescriptive. This is a matter that the Commissioner could have decided, even if no opposition had been filed. The filing of the opposition did not change the character of the hearing. It was merely filed as an aid to the Commissioner to help him to determine his findings. The proceeding before the Commissioner, in this case, should therefore be classed as ex parte.

Accordingly, the motion to dismiss will be overruled, defendants to have twenty days to answer or otherwise proceed.

Settle order on two days' notice.