41 C.C.P.A. (Patents)

**ESSO STANDARD OIL CO.**

v.

**UNIVERSAL MOTOR OILS CO., Inc.**

**Special Patents Docket No. 54.**

United States Court of Customs
and Patent Appeals.

June 4, 1954.

Francis C. Browne, Mead, Browne, Schuyler & Beveridge, Washington, D. C., for Esso Standard Oil Co.

Munson H. Lane, Washington, D. C., for Universal Motor Oils Co.

Before O'CONNELL, JOHNSON, WORLEY and COLE, Judges.

PER CURIAM.

The appellee, Universal Motor Oils Co., Inc., filed a "Notice of Election" in

this appeal to have all further proceedings by civil action. Appellant, Esso Standard Oil Company, filed a memorandum opposing the dismissal of this appeal on the ground that under the decision of this court in the case of Pennzoil Co. v. Hercules Powder Company, 95 F.2d 339, 25 C.C.P.A., Patents, 968, a "Notice of Election" is not available to the applicant who was successful before the Commissioner of Patents in the present opposition proceedings. The matter of the election and the opposition thereto was orally argued before this court, and after due consideration thereof this court ordered the present appeal dismissed. Appellant having filed a "Request for Clarification of and Reasons for Dismissal of Appeal" the present opinion is filed in response thereto.

The facts leading to this dismissal are briefly as follows:

1. Appellee applied to the United States Patent Office for registration on the principal register of the mark "DE/OL" for use on lubricants and motor oils.

2. Registration was opposed by appellant, owner of the trade-mark "Diol," also used on lubricants and motor oils.

3. The Examiner of Interferences sustained the opposition and denied the registration.

4. On appeal to the Commissioner of Patents the Examiner of Interferences was reversed and appellee was deemed entitled to registration of its mark.

5. Appellant filed notice of its appeal to this court.

6. Appellee filed notice that it elected to have all further proceedings by civil action.

The statutory authority for the election procedure is found in section 21 of the Trade-Mark Act of 1946, as amended, which incorporates sections 141 and 146 of the Patent Act of 1952. The pertinent provisions of these statutes are as follows:

Section 21 of the Trade-Mark Act of 1946, as amended, 15 U.S.C. § 1071, 1952 Ed.;

"Any applicant for registration of a mark, party to an interference proceeding, party to an opposition proceeding, * * *, who is dissatisfied with the decision of the Commissioner may appeal to the United States Court of Customs and Patent Appeals or may proceed under sections 145 and 146 of Title 35, as in the case of applicants for patents, under the same conditions, rules, and procedure as are prescribed in the case of patent appeals or proceedings so far as they are applicable: *Provided,* That any party who is satisfied with the decision of the Commissioner shall, upon the filing of an appeal to the Court of Customs and Patent Appeals by any dissatisfied party, have the right to elect to have all further proceedings under sections 145 and 146 of Title 35, by election as provided in section 141 of Title 35. * * * *"

Section 141 of the Patent Act of 1952, 35 U.S.C. § 141, 1952 Ed.;

" * * * A party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority may appeal to the United States Court of Customs and Patent Appeals, but such appeal shall be dismissed if any adverse party to such interference, within twenty days after the appellant has filed notice of appeal * * *, files notice with the Commissioner that he elects to have all further proceedings conducted as provided in section 146 of this title. * * * *"

Section 146 of the Patent Act of 1952, 35 U.S.C. 146, 1952 Ed.;

"Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, * * *."

█ Appellant bases its opposition to the dismissal of this appeal on the wording of section 146, supra. It is appellant's contention that under said sec-

tion a civil action can only be filed by an appellant who is dissatisfied on a "question of priority". This contention, we believe, is without merit. Appellant could as well argue that an action could not be filed under section 146, supra, since the decision was not rendered by the "board of patent interferences", as set out in said section. Of course, neither argument would be tenable, since section 21 of the Trade-Mark Act of 1946, as amended, specifically states that the rules, conditions, etc., in the case of patent proceedings shall apply only "so far as they are applicable". In that respect, we think it is well known that in an opposition proceeding the question usually raised is not one of priority, but rather a question of confusing similarity between the mark sought to be registered and the opposer's mark. Were we to apply appellant's logic in such cases we would have to conclude that whether the dissatisfied party were the applicant or the opposer, a civil action could not be filed under section 21 and section 146 because there was no "question of priority" involved. Obviously, such a result is not feasible. To state the conclusion is to refute it.

As to the contention that Pennzoil Co. v. Hercules Powder Company, is controlling here we believe it only necessary to state that that case was decided under the Trade-Mark Act of 1905. In the Pennzoil case this court concluded that an opposer-appellant was in the same position as a patentee-interferant, and since a patentee-interferant could not bring an action under Revised Statute 4915 then an opposer-appellant could not bring such an action. However, under section 146 of the Patent Act of 1952, a patentee-interferant can now bring a civil action, therefore, the reasoning of the Pennzoil case no longer applies.

■ Opposer-appellant also states that the Commissioner of Patents is a necessary party to this action, despite the express wording of section 21 that the Commissioner of Patents shall not be a necessary party to an inter partes proceeding under section 146. In the case of R. J. Moran Co. v. Seeck & Kabe, Inc., 91 F.Supp. 188, the United States District Court for the southern district of New York held that the Commissioner of Patents was not a necessary party to a suit brought under Revised Statute 4915 by an applicant against an opposer where the registration had been refused on the basis of the opposition. To the same effect see Gardel Industries v. Kingsland, 85 U.S.App.D.C. 414, 178 F.2d 974. We think the same reasoning would apply in a situation where the opposer filed suit after an unsuccessful opposition. We see no conflict between this ruling and our decision in Baxter Laboratories, Inc., v. Don Baxter, Inc., 186 F.2d 511, 38 C.C.P.A., Patents, 786, since we do not think that any *ex parte* issue could be raised by the opposer. As we said in the Baxter case, supra, 186 F.2d at page 513, 38 C.C.P.A., Patents at page 788; "When an appeal is before the court in such a case, the opposer has no right to be heard on the *ex parte* ground".

■ Appellant also raises the point that it might not be able to obtain jurisdiction of the action in a Federal District Court. We are of the opinion that there is no cause for alarm on this score. In Daggett & Ramsdell, Inc., v. Marzall, 106 F.Supp. 38, an action was brought by opposer against both the Commissioner of Patents and the successful applicant under Revised Statute 4915 and the Trade-Mark Act of 1905 in the United States District Court for the District of Columbia. The District Court accepted jurisdiction and refused to dismiss the case on motions by both defendants to dismiss. A further case is that of Consolidated Cosmetics v. Neilson Chemical Co., D.C., 109 F.Supp. 300. In that case the unsuccessful opposer filed suit against the successful applicant to obtain, *inter alia,* reversal of the Patent Commissioner's decision dismissing plaintiff's opposition. No question was raised there of jurisdiction but the court heard the case and gave a de-

**322**

cision on all of the points raised by the opposer.

For the reasons hereinbefore set forth the appeal was dismissed.