Russell W. PRICE, d/b/a O-R Products Company, Plaintiff,

v.

GEORGE MELMAN & CO., Defendant.

Civ. A. No. 2835.

United States District Court
D. Delaware.

Oct. 14, 1965.

OPINION

LAYTON, District Judge.

Plaintiff (Price) is the owner of O-R Products Co., which specializes in the manufacture and sale of articles connected with hospital operating rooms. One of its products is a conductive foot covering for shoes as a precaution against explosions caused by static electricity. All plaintiff's devices bear a trade-mark which includes in its design the letters "O-R". Price began this business in 1955 and registered his trade-mark with the U. S. Patent Office in 1958.

Defendant (Melman) manufactures another type of conductive foot covering for operating room personnel. In 1959 it filed an application for trade-mark for "O-Rvershoe" which was accepted for registration. Upon publication, plaintiff entered an opposition on the basis of his prior use of the letters "O-R". Defendant thereupon brought a cancellation proceeding against plaintiff's registered trade-mark upon the ground that "O-R" is merely a descriptive term applying to any articles related to operating room work.

The U. S. Patent Office consolidated these actions and after full hearing, that portion of plaintiff's trade-mark consisting of the letters "O-R" was adjudged by the Commissioner to be merely descriptive and not capable of becoming the exclusive property of plaintiff. Accordingly, plaintiff's registered trade-mark was ordered cancelled and defendant's trade-mark was admitted to registration with a disclaimer of exclusive rights to the letters "O-R". See 141

U.S.P.Q. 364 (Feb. 1964). Thereafter, in April 1964, plaintiff filed an appeal in this Court from the Commissioner's decision together with causes of action for trade-mark infringement and unfair competition. Defendant, a Delaware company, was served with process.

█ Defendant has moved for dismissal of the action for lack of jurisdiction under Rule 12(b) (1) F.R.Civ.P. and, under Rule 12(b) (6), for failure to state a claim upon which relief can be granted. Its main contention is that inasmuch as the proceedings before the Commissioner were of an ex parte character, the Commissioner is a necessary adverse party in any appeal taken from his opinion with the result that the United States District Court for the District of Columbia or the United States Court of Customs and Patent Appeals, not this Court, has jurisdiction.

Perhaps the clearest expression of the principle governing here is to be found in Gold Seal Co. v. Sawyer, 106 F.Supp. 494 (D.C.D.C.),[1] where the District Court for the District of Columbia said:

"In hearings before the Commissioner to have a trade-mark registered, where an opposition is filed by a third party who claims *priority* to the trademark in question, the Commissioner sits as a judge or impartial hearer of the facts. If one of the parties appeals to the Court from the decision of the Commissioner under the provisions of R.S. 4915, the District Judge replaces the Commissioner as the hearer of the facts. The real adverse party to the registrant of the mark is then the opposer, because the Commissioner merely sits as a disinterested referee, assuming that the mark is intrinsically registrable. In such cases then, the opposer would be the indispensable party.

"The other type of opposition proceeding involves cases where, as here, a third party files objections to the registration of a mark on the ground that the mark is inherently non-registrable. In such proceedings, the real parties in interest are the registrant and the Commissioner. The Commissioner does not sit as a referee between two contending parties but, rather, as a party who represents the public interest. The opposer is merely a portion of the public whose interests are represented by the Commissioner. Since the Commissioner is the only duly authorized representative of the public, he is the indispensable party.

"Clearly, the purpose of Section 21 of the Lanham Act was to limit the number of proceedings in which the Commissioner must appear. The purpose seems to be to eliminate the Commissioner as a party in those cases where the Commissioner acted as a trier between two (or more) litigating parties. There is no longer, in such cases, any need for him to appear, although he may do so, if he wishes. Court proceedings are to be left to the real litigants.

"However, Congress did not intend that the Commissioner be relieved as a party where he is the party against whom redress is being sought; that is, in cases which do not involve priority but, rather, matters pertaining to the registration as such.

"In the present case, the opposition was based on the ground that the mark sought to be registered was descriptive or deceptively misdescriptive. *This is a matter that the Commissioner could have decided, even if no opposition had been filed. The filing of the opposition did not change the character of the hearing. It was merely filed as an aid to the Commissioner to help him to determine his findings. The proceedings before the Commissioner, in this case, should*

---

1. Both Baxter Laboratories Inc. v. Don Baxter, Inc., 186 F.2d 511, 38 CCPA 786 and Bick v. Watson, 102 U.S.App.D.C. 322, 253 F.2d 344, hold to this same proposition and, at least *Bick*, if not *Baxter*, are higher authority. However, *Gold Seal* was quoted because of the aptness of its language.

**146**

*therefore be classed as ex parte."* (Emphasis added.)

If, then, the proceedings before the Commissioner, as reported in 141 U.S. P.Q. 364, were essentially ex parte in character, the Commissioner would be a necessary, adverse party, Baxter Laboratories Inc. v. Don Baxter, Inc., 186 F.2d 511, 38 CCPA 786, (1951), and this Court would have no jurisdiction over an appeal for the reason that the Commissioner is not subject to service in this jurisdiction. An analysis of the cited opinion of the Commissioner compels the conclusion that the proceeding was, for all practical purposes, ex parte for the following reasons. It seems clear that a proceeding challenging the right to the use of a trade-mark upon the grounds of descriptiveness is ex parte. Bick v. Watson, 102 U.S.App.D.C. 322, 253 F.2d 344 (1958); Gold Seal v. Sawyer, supra. Compare also Lanolin Plus Cosmetics, Inc. v. Botany Mills, Inc., 177 F.2d 757 (3 Cir. 1949). The cancellation by the Commissioner of plaintiff's trade-mark upon the ground that he had no exclusive right to its ownership because it was merely descriptive places this case squarely within the rationale of *Bick* and *Gold Seal.* The fact that the Commissioner also decided the opposition proceeding against plaintiff is of little significance. This was the natural consequence of the order of cancellation. Or, otherwise stated, one who has no right to the exclusive use of a trade-mark can scarcely contend that he has been infringed. True, an infringement proceeding is inter partes but, as just stated, this phase of the twin proceeding was not decided by the Commissioner. It flowed naturally from the finding that plaintiff had no exclusive right to the use of the letters "O-R".

Plaintiff's reliance on Gardel Industries v. Kingsland, 85 U.S.App.D.C. 414, 178 F.2d 974 (1949); and R. J. Moran Co. v. Seeck and Kade Inc., 91 F.Supp. 188 (D.C.S.D.N.Y.1950) is misplaced. Superficially, they support his position but a more careful examination discloses that in each case the two issues which were consolidated for disposition before the Commissioner concerned priority and infringement, both clearly inter partes in character.

It follows that the phase of the present action purporting to be an appeal from the Commissioner's order of cancellation upon the ground of descriptiveness must be dismissed for lack of jurisdiction.[2]

Defendant's next motion is to dismiss the statutory cause of action for trade-mark infringement upon the ground that it fails to state a claim upon which relief may be granted. F.R. Civ.P. 12(b) (6). In my judgment, the motion should be based upon F.R.Civ.P. 12(b) (2) for lack of jurisdiction, and I shall so treat it. Defendant's position is that the Commissioner having cancelled plaintiff's trade-mark, and this Court having no jurisdiction to restore its validity by overruling the Commissioner, no action can be maintained on it in this Court. The answer to this argument as I see it is that the trade-mark is not wholly invalid until final judgment declaring it so. Suppose defendant's motion to dismiss the statutory cause of action upon the ground that the Commissioner's order of cancellation has rendered it invalid were granted by this Court and plaintiff appeals to the Third Circuit Court, which reverses, holding that this Court, not the District Court for the District of Columbia, has the jurisdiction to entertain an appeal from the Commissioner's order of cancellation?

2. While the conclusion here reached seems to be based upon sound authority, it is not free from doubt. A reading of the strong dissents in *Bick* and *Baxter* as well as an article on this general subject by Derenberg appearing at page 28 of "Law and Contemporary Problems" creates more than a suspicion as to whether the Lanham Act of 1949 was not intended, inter alia, to permit appeals of this sort to be

prosecuted in any District Court where the successful opposer resides, either upon the rationale that the Commissioner is not a necessary party, or that actions such as this, where an opposer appears, become essentially inter partes in character. However, since the only cases cited squarely on point since the advent of the Lanham Act are to the contrary, I have felt it advisable to follow them.

And further suppose that this Court then reversed the Commissioner's conclusion that plaintiff had no right to exclusive ownership of its trade-mark? Tested by these suppositions, it would appear that defendant's motion should be denied and the second cause of action held in abeyance until the proper Court passes final judgment upon the validity of this trade-mark. If held invalid, the second cause of action would, of course, be dismissed. If held valid, the status of this cause of action can be then decided. Defendant's motion is denied.

Finally, there remains defendant's motion to dismiss the third cause of action based on a claim of unfair competition. The motion to dismiss here is grounded on the proposition that there is no proper diversity for the reason that the cause of action involves less than $10,000. At this stage, I decline to consider the motion. There is no certainty that this litigation will ever be tried in this District on the merits. If it is, the point can then be determined.

In conclusion, defendant's motion to dismiss the appeal from the Commissioner on the ground of lack of jurisdiction is granted. The motions to dismiss the second and third causes of action are denied.