**THORNE, NEALE & CO., Inc., v. COE, Commissioner of Patents, et al.**

**No. 8600.**

United States Court of Appeals District of Columbia.

Argued May 9, 1944.

Decided June 19, 1944.

Mr. Donald S. Caruthers, of Washington, D. C., with whom Messrs. E. W. Mollohan, Jr., and Carl H. Willingham, both of Washington, D. C., were on the brief, for appellant.

Mr. A. W. Murray, of Chicago, Ill., with whom Mr. Eugene E. Stevens, of Washington, D. C., was on the brief, for appellee Carney.

Mr. E. L. Reynolds, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee Coe.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

PER CURIAM.

Appellant brought this suit[1] against appellees, the Commissioner of Patents and Carney, to obtain registration of a trademark. Registration had been refused by the Commissioner because of the previous registration of trade-mark No. 174,444. The complaint alleges the following facts. Registration No. 174,444 was granted to Harrisburg Coal Mining Company in 1923. That corporation was adjudged bankrupt in 1934. On August 27, 1934, upon the petition of Harry C. Lee, Harrisburg's trustee in bankruptcy, the referee in bankruptcy entered an order which authorized and directed the trustee to abandon the trademark as worthless. On August 29, 1934, the referee discharged the trustee and ordered the case closed. The United States District Court for the Eastern District of Illinois approved this action. In 1935 the Harrisburg Coal Mining Company was dissolved. On July 8, 1940, appellant addressed a letter to that company concerning its mark. The Carney Coal Company replied, saying that it was Harrisburg's successor and consenting to the registration of appellant's

---

[1] R.S. § 4915, 35 U.S.C.A. § 63.

mark. But afterwards, on October 17, 1940, Carney Coal Company filed in the Patent Office an alleged assignment to it of trade-mark 174,444. This assignment "was alleged to have been signed 'Harrisburg Coal Mining Company, Bankrupt, by Harry C. Lee, Trustee,' and above this signature appears, 'Dated *as of*[2] the 8th day of August, 1934.' This instrument was alleged to have been acknowledged by Harry C. Lee on the 7th day of October, 1940. * * *" The complaint concludes that this alleged assignment, and an assignment from Carney Coal Company to appellee Carney, are void.

■ Appellee Carney moved to dismiss the complaint on the grounds, among others, that he was not a resident of the District of Columbia or served with process there, and that he and the Commissioner of Patents were not "adverse parties residing in a plurality of districts" within the meaning of 35 U.S.C. § 72a.[3] The District Court granted this motion. We think the court was right in dismissing the complaint so far as Carney is concerned. Since the Commissioner is not "adverse" within the meaning of the statute,[4] Carney could not be sued without personal service.

■ It does not follow that the court was right in dismissing the complaint as to the Commissioner. We think the complaint alleges in substance that the Harrisburg Company abandoned trade-mark 174,444 in 1934 and was dissolved in 1935, and that the purported assignment in its name was made at a later time when it did not own the mark and was not in existence. These allegations have not been denied. If they are true, Carney does not own the trade-mark and is not an indispensable party. The suit should therefore proceed against the Commissioner of Patents alone. The Commissioner has not yet pleaded to the complaint. Our ruling is without prejudice to his right to do so and to contest the facts which it asserts.

Affirmed in part, and reversed in part.

---

[2] Italics supplied.
[3] 35 U.S.C.A. § 72a.

[4] Coe v. Hobart Mfg. Co., 70 App.D.C. 2, 102 F.2d 270.