CHRIS LAGANAS SHOE COMPANY, Appellant,

v.

Robert C. WATSON, Commissioner of Patents, Sinclair Weeks, Secretary of Commerce, and Brown Shoe Company, Incorporated, Appellees.

No. 12395.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 11, 1955.

Decided April 14, 1955.

Mr. William E. Schuyler, Jr., Washington, D. C., with whom Messrs. Francis C. Browne Andrew B. Beveridge and James Atkins, Washington, D. C., were on the brief, for appellant.

Mr. E. L. Reynolds, Sol., United States Patent Office, for appellees Robert C. Watson, Commissioner of Patents, and Sinclair Weeks, Secretary of Commerce.

Mr. Charles E. Wills, St. Louis, Mo., of the bar of the Supreme Court of Missouri, pro hac vice, by special leave of Court, with whom Messrs. James W. Dent, Washington, D. C., and Joseph J. Gravely, St. Louis, Mo., were on the brief, for appellee Brown Shoe Company, Inc.

Before EDGERTON, PRETTYMAN, and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

Brown Shoe Company, Inc. successfully opposed appellant's application for registration of a trade-mark in the Patent Office. Brown Shoe Company, Inc. is a New York corporation. Appellant sued the corporation and the Commissioner of Patents [1] in the United States District Court for the District of Columbia. The court dismissed the complaint. The question is whether the court had jurisdiction.

■ Brown Shoe Co., Inc. is a necessary party.[2] The Commissioner of Patents is not a necessary party. The Trade-Mark Act, which permits suits for registration of trade-marks to be brought under the Patent Act, 35 U.S.C. § 146, says the Commissioner is not "a necessary party to an inter partes proceeding under section 146 of Title 35". 15 U.S.C.A. § 1071.[3] This suit, which arose out of an opposition proceeding in the Patent Office, is plainly an inter partes proceeding.

■ The question remains whether the Commissioner is an "adverse" party within the meaning of 35 U.S.C. § 146, which says: "If there be adverse parties residing in a plurality of districts not embraced within the same state, or an adverse party residing in a foreign country, the United States District Court for the District of Columbia shall have jurisdiction * * *." If the Commissioner is an adverse party, for this jurisdictional purpose, in this suit, then every suit under § 146 can be brought in the District of Columbia. We do not so interpret the statute. We think § 146 permits claims that cannot be enforced elsewhere to be enforced here, and does not create an option of enforcing here claims

---

1. Also the Secretary of Commerce.

2. On this point we disagree with Gold Seal Co. v. Sawyer, D.C.1952, 106 F.Supp. 494. A registration which no one has opposed may be denied by the Commissioner, on the ground of confusing similarity, in an *ex parte* proceeding; but a Patent Office proceeding in which there are opposing parties, and a resulting suit, is not an *ex parte* proceeding.

3. 35 U.S.C. § 146 says broadly "The Commissioner shall not be a necessary party * * *."

that can be enforced elsewhere. In other words, for this jurisdictional purpose only necessary parties can be "adverse". " 'To hold that the plaintiff by making a mere formal party a codefendant can compel the real defendant, the real party in interest, to come from any part of the United States and defend his rights in the District of Columbia would conflict with the general purpose of Congress as appears from the fact that ordinarily suits in the federal courts must be brought in the district in which the defendant resides.' " Coe v. Hobart Mfg. Co., 70 App.D.C. 2, 3, 102 F.2d 270, 271. Cf. Jax Ice & Cold Storage Co. v. Coe, 73 App.D.C. 127, 118 F.2d 12, certiorari denied 313 U.S. 561, 61 S.Ct. 837, 85 L.Ed. 1521; Thorne, Neale & Co. v. Coe, 79 U.S.App.D.C. 122, 143 F.2d 155; R. J. Moran Co. v. Seeck & Kade, Inc., D.C., 91 F.Supp. 188.

Affirmed.