**HANS C. BICK, Inc., Appellant,**

v.

**Robert C. WATSON, Commissioner of Patents, Appellee.**

**No. 13763.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 30, 1957.

Decided Jan. 21, 1958.

Petition for Rehearing Denied March 5, 1958.

Fahy, Circuit Judge, dissented.

Mr. William J. Ruano, Pittsburgh, Pa., for appellant.

Mr. Clarence W. Moore, Sol. U. S. Patent Office, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant asked the District Court to restrain the Commissioner of Patents from cancelling its Trade-Mark Registration No. 557,776 of "Nylonized" for women's nylon hosiery, issued on April 15, 1952, and its Service Mark Registration No. 557,443 of "Nylonized" for the finishing of nylon and other woven and knit fabrics by applying an emulsified nylon finishing coat thereon, issued on April 8, 1952. Both registrations had issued on the Supplemental Register under the Trade-Mark Act of 1946. Scholler Brothers, Inc., W. F. Fancourt Co., both of Philadelphia, Pennsylvania, and Onyx Oil & Chemical Co. of Jersey City, New Jersey, filed cancellation petitions in the Patent Office where, finally, the Assistant Commissioner of Patents held that appellant had not been entitled to register the word "Nylonized" at the time it filed its application and that Registration No. 557,776 should therefore be cancelled. It was further held that "Nylonized" is merely descriptive, that the Examiner's decision to that effect should be affirmed and that Registration No. 557,443 should be cancelled.[1] The Commissioner moved to dismiss the complaint in the District Court on the ground that the court lacked jurisdiction over the parties and over the subject matter and because the petitioners for cancellation were "indispensably necessary to a full and final adjudication of the controversy and none of them has been made a party hereto." The Commissioner's motion having been granted

1. Scholler Brothers, Inc. v. Hans C. Bick, Inc., 110 U.S.P.Q. 431 (1956).

and the complaint having been dismissed, this appeal followed.

The Commissioner here mistakenly relies upon Chris Laganas Shoe Co. v. Watson.[2] Laganas had filed its application for registry on the Principal Register of the term "Air Stride" for women's shoes. Brown Shoe Company, Inc., prior user of the registered mark "Air Step" successfully opposed; the Laganas appeal to the United States Court of Customs and Patent Appeals was dismissed after Brown exercised its election[3] to have further proceedings in the District Court. Thus, the complaint was thereafter filed against the Commissioner *and* against Brown Shoe Company, Inc., and the case went forward in the District Court, as it must, under 35 U.S.C. § 146 which specifically provides that the Commissioner shall not be a necessary party to an *inter partes* proceeding under that section. We pointed out that the action was plainly *inter partes,* and that the District Court correctly dismissed the complaint.

Here the provisions of the Trade-Mark Act of 1946,[4] found in "Title II—Supplemental Register" primarily apply. Cancellation was to be accomplished necessarily, if at all, under section 24. The

instant registrations were not subject to the provisions of sections 13 to 18, inclusive, but, as provided by section 26, were to receive the advantages of section 21,[5] and since the marks had been registered, section 37 also applied.

The 1946 Act reversed the former practice so that the Commissioner could no longer be made sole defendant in an action under section 4915, Revised Statutes,[6] "where there was an opposing party."[7] It was clear enough that the Commissioner thereafter was not to be a "necessary party to an inter partes proceeding"[8] under section 4915, Revised Statutes, but controversy developed as to what proceedings were to be deemed "inter partes" and as to the Commissioner's status in an "ex parte" situation.[9]

Congress in 1952 codified Title 35[10] United States Code, with marked effect on section 21 of the 1946 Trade-Mark Act.[11] Substituted for the first reference "section 4915, Revised Statutes" was the inserted "35 United States Code, sections 145 and 146." In lieu of "Revised Statutes 4915" appearing twice in former section 21, the revisers inserted "35 United States Code, section 146." The new section 145,[12] provides now, as

2. D.C.Cir.1955, 95 U.S.App.D.C. 324, 221 F.2d 881; and see Brown Shoe Company, Inc. v. Chris Laganas Shoe Co., 100 U.S.P.Q. 146 (1954).

3. 15 U.S.C.A. § 1071 (1952); this section makes specific provision for the course which must be followed. When any dissatisfied party appeals to the Court of Customs and Patent Appeals, any *satisfied* party has the right "to elect to have all further proceedings under section 146 of Title 35, by election as provided in section 141 of Title 35."

4. 60 Stat. 427, 433–435, 436, 440, 15 U.S.C.A. §§ 1051, 1063–1068, 1071, 1091, 1092, 1094, 1119 (1952).

5. As amended by 15 U.S.C.A. § 1071 (1952).

6. 35 U.S.C. § 63 (1946).

7. Gold Seal Co. v. Marzall, D.C.Cir.1951, 88 U.S.App.D.C. 376, 377, 190 F.2d 290, 291.

8. 15 U.S.C.A. § 1071 (1952).

9. See, e. g. Gold Seal Co. v. Sawyer, D.C. D.C.1952, 106 F.Supp. 494; Baxter Laboratories v. Don Baxter, Inc., and cases collected in the dissenting opinion, 1951, 186 F.2d 511, 515, 38 C.C.P.A.,Patents, 786, 790.

10. 66 Stat. 792.

11. Sec. 2, 66 Stat. 814; cf. Reviser's note, 15 U.S.C.A. § 1071 (1952).

12. 66 Stat. 803; 35 U.S.C. § 145 reads: "§ 145. Civil action to obtain patent. "An applicant dissatisfied with the decision of the Board of Appeals may unless appeal has been taken to the United States Court of Customs and Patent Appeals, have remedy by civil action against the Commissioner in the United States District Court for the District of Columbia if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints. The court may adjudge that such applicant is entitled to receive a patent for his invention, as specified in any of his claims involved in the decision of the

prior to the 1946 Trade-Mark Act, that the dissatisfied applicant may "have remedy by civil action against the Commissioner in the United States District Court for the District of Columbia." As to *inter partes* actions, a dissatisfied party may have remedy by civil action against the party in interest, and in such actions, "The Commissioner shall not be a necessary party * * *." [13]

The "remedy" prescribed has been identified by this court. "Putting this in terms of legal 'right' and legal 'duty' the Trade-Mark Act creates a statutory right of registration of a mark * * * it is this right which Gold Seal seeks to vindicate. The Act imposes a correlative duty upon the Commissioner * * * to register a mark if the statutory conditions are complied with. It is this duty a wrongful breach of which Gold Seal seeks to remedy." [14] The Act provides that if after examination of an application for registration on the Supplemental Register it shall appear that the applicant is entitled to registration, the registration shall be granted.[15] Clearly, the Examiner in charge of registrations must examine the application and be satisfied that the statutory requirements have been met and that the mark is entitled to registration. If it be so found, it is the duty of the Commissioner to register the mark so qualified.[16]

To summarize, the only issue presented by the Commissioner's decision and the complaint is whether the initial registrations of appellant's mark were erroneously granted as a matter of law because the mark was descriptive in character and without trade-mark significance and because, as to one registration, the mark had not been used by the appellant prior to registration. Such a dispute clearly is primarily between the appellant and the Commissioner and was properly instituted under Section 145. The petitioners for cancellation have never used or registered the appellant's mark or a mark claimed to be similar. Their only claim to damage was that registation of the mark would in the future be "likely to interfere with their freedom to use" [17] the descriptive registered word, a claim which is irrelevant where the issue before the Commissioner is only registrability, *vel non*. In the circumstances it would be pointless to require the appellant to sue only the petitioners rather than the Commissioner, and we do not believe that Congress so intended.

We conclude that appellant was entitled under Section 145 to seek his remedy "by civil action against the Commissioner" [18] in the District Court for the District of Columbia. The court has jurisdiction, and if the facts and law

Board of Appeals, as the facts in the case may appear and such adjudication shall authorize the Commissioner to issue such patent on compliance with the requirements of law. All the expenses of the proceedings shall be paid by the applicant. * * *"

13. 66 Stat. 803, 35 U.S.C. § 146 (1952); and see Chris Laganas Shoe Co. v. Watson, supra note 2.

14. Gold Seal Co. v. Weeks, D.C.Cir.1954, 93 U.S.App.D.C. 249, 258, 209 F.2d 802, 810. Of course, Gold Seal presented an *inter partes* situation.

    Where no *inter partes* problem arises, the remedy may be sought against the Commissioner under 35 U.S.C. § 145 if the Commissioner refuses to pass for publication and application for registration on the Principal Register. Similarly, if the Commissioner had here refused registration on the Supplemental Regis-

ter, Bick's "remedy" would clearly be the same, to be attained by civil action here in the District Court against the Commissioner under § 145.

15. § 23, 60 Stat. 435, 15 U.S.C.A. § 1091 (1952).

16. Unlike applications for the Principal Register, marks for the Supplemental Register "shall not be published for or be subject to opposition." § 24, 60 Stat. 436, 15 U.S.C.A. § 1092 (1952).

17. *Supra* note 1; if the petitioners deem it necessary to seek to protect this interest, they may apply for leave to intervene.

18. It may be observed in passing that the Commissioner must defend his own action whether a disappointed applicant has filed his appeal before the United States Court of Customs and Patent Appeals, or, as here, has sought his remedy in the District Court.

shall so warrant, it has power to restore the cancelled registrations.[19]

Of course, we express no opinion on the merits. We say only that the action should not have been dismissed.

Reversed.

FAHY, Circuit Judge (dissenting).

The proceedings in the Patent Office were initiated by petitions of private parties for cancellation of the registrations of the trade-mark held by appellant. The proceedings accordingly were *inter partes*. In my view neither the fact that the ground urged for cancellation was the original nonregistrability of the mark, nor the fact that the decision of the Commissioner granting the petitions rested also on a ground not asserted in the petitions, gave the Patent Office proceedings an *ex parte* character. If this be so, then the proceedings in the District Court should retain the same *inter partes* character they had in the Patent Office. While the problem is susceptible of a different solution under the complexities of the existing statutes, the more easily followed rule would be to permit proceedings in court to retain the character they had in the Patent Office; and this appears more likely to have been the Congressional intent. Sections 145 and 146 of 35 U.S.C., originally enacted for patent cases, and section 21 of the Lanham Act,[1] which makes those sections applicable to trade-mark cases under the same conditions, rules, and procedures as in patent cases "so far as they are applicable," should be construed together to mean that the Commissioner shall not be a necessary party in the District Court action contesting the outcome of *inter partes* cancellation proceedings in the Patent Office. The Commissioner would be notified and have the right to intervene and protect the public interest if so advised. But, except for this, the parties should be left to contest between themselves in court as they did in the Patent Office. The selection of parties in the District Court would not depend upon the ground of the Commissioner's decision, which might be plural or uncertain and furnish an indefinite guide. The question of necessary parties would depend rather upon the *inter partes* nature of the proceedings in the Patent Office. This view is also consistent with our decision in Chris Laganas Shoe Co. v. Watson, 95 U.S.App.D.C. 324, 221 F.2d 881.

I would affirm.

19. § 37, 60 Stat. 440, 15 U.S.C.A. § 1119 (1952).

1. 60 Stat. 435, as amended, 15 U.S.C. § 1071 (1952), 15 U.S.C.A. § 1071.