The BARR RUBBER PRODUCTS COMPANY, Appellant,

v.

BURLINGTON MILLS, INC., and David L. LADD, Commissioner of Patents, Appellees.

No. 16513.

United States Court of Appeals District of Columbia Circuit.

Argued March 12, 1962.

Decided May 31, 1962.

Petition for Rehearing Denied July 3, 1962.

Mr. Albert L. Ely (Ely, Pearne and Gordon), with whom Mr. Roberts B. Larson, Washington, D. C., was on the brief, for appellant.

Mr. Boynton P. Livingston, Washington, D. C., with whom Mr. Edward G. Fenwick, Jr., Washington, D. C., was on the brief, for appellee Burlington Mills, Inc.

Mr. Clarence W. Moore, Solicitor, United States Patent Office, for appellee Ladd.

Before WILBUR K. MILLER, Chief Judge, and DANAHER and BURGER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant, an Ohio corporation, as owner of the registered trade-marks BARR and BARTEX, asked the District Court in the District of Columbia to enjoin the Commissioner of Patents from issuing a certificate of registration of the trade-mark BUR–TEX to Burlington Mills, Inc., a Wisconsin corporation. The latter, not having been served in this District, appeared specially and filed its

motion to dismiss in which the Commissioner joined. This appeal is from the order dismissing the complaint.

It appears that the Commissioner on October 28, 1958, published for opposition in the Official Gazette, Burlington's application Serial No. 38,667 for registration of its trade-mark BUR-TEX for life preservers, swim vests, water ski belts, wading pools and various other sports goods. Registration was opposed by Barr which for many years was registrant of the trade-mark BARR for toys, such as balls, dolls, basketballs, footballs and other items of various shapes, and of the mark BARTEX for rubber balloons.

The Trademark Trial and Appeal Board noted that BARR is a surname while BUR-TEX is a coined, arbitrary designation having no apparent significance. The respective marks were found to be distinctly different in sound and appearance. In view of what the Board deemed substantial differences between the marks and the goods as identified in the Burlington application and the opposer's registration, the Board concluded it to be unlikely, within the ambit of 15 U.S.C.A. § 1052(d), that the respective marks as applied to the goods would cause confusion, mistake, or deception of purchasers. The Board further concluded as to BARTEX, applied to toy rubber balloons when contrasted with BUR-TEX as applied to Burlington's sports goods and equipment that purchasers would not be likely to assume that the respective products emanate from the same source. The opposition accordingly was dismissed.[1]

Thereupon, Barr as a "dissatisfied" party gave due notice of its appeal to the United States Court of Customs and Patent Appeals, pursuant to 15 U.S.C.A. § 1071 and 35 U.S.C. § 142 (1958).

Burlington, as a party "satisfied with the decision" of the Trademark Trial and Appeal Board, was entitled to invoke application of the next step, as 15 U.S.C.A. § 1071 expressly provides. When Burlington exercised the right there conferred upon it, all further proceedings were to be conducted as a civil action as provided in 35 U.S.C. § 146 (1958).[2]

Section 146 prescribes the mode in which that civil action is to proceed. The "suit may be instituted against the party in interest as shown by the records of the Patent Office at the time of the decision complained of." That "party in interest" is Burlington, the applicant before the Patent Office in the inter partes proceeding which arose from the opposition filed by the registrant Barr.

Under the circumstances such as were exhibited on this record, Burlington is an adverse party, and the only one. Had there been more than one adverse party residing in a plurality of districts not embraced within the same state, or "an adverse party residing in a foreign country," pursuant to section 146, the District Court for the District of Columbia would have had jurisdiction.

However section 146 expressly specifies that the Commissioner of Patents "shall not be a necessary party," and jurisdiction may not be obtained by service upon him. We have noted that the Commissioner is not an "adverse" party for the jurisdictional purposes of the statute,[3] as here invoked.

The District Court correctly dismissed the complaint.[4]

Affirmed.

1. The Barr Rubber Products Company v. Burlington Mills Incorporated, 125 USPQ 592 (1960).

2. The Commissioner took the position that he is "not a necessary party to an inter partes proceeding under Section 146," but that Burlington is an "indispensable party," not amenable to process in the District of Columbia, and had been served only in Burlington, Wisconsin.

3. Chris Laganas Shoe Company v. Watson, 95 U.S.App.D.C. 324, 221 F.2d 881 (1955).

4. Appellant mistakenly relies upon Hans C. Bick, Inc. v. Watson, 102 U.S.App.D.C. 322, 253 F.2d 344 (1958), where we pointed out the non-applicability of Chris Laganas and emphasized several distinguishing factors.