**NOXELL CORPORATION, et al., Appellants,**

v.

**FIREHOUSE NO. 1 BAR–B–QUE RESTAURANT, d/b/a San Francisco Firehouse Station No. 1, Inc., et al.**

**NOXELL CORPORATION, et al.**

v.

**FIREHOUSE NO. 1 BAR–B–QUE RESTAURANT, d/b/a San Francisco Firehouse Station No. 1, Inc., et al., Appellants,**

**Peter Lyons, d/b/a Firehouse No. 1 Bar-B-Que Restaurant.**

Nos. 84–5167, 84–5196.

United States Court of Appeals, District of Columbia Circuit.

Argued March 25, 1985.
Decided April 16, 1985.

George T. Mobille, Washington, D.C., with whom Robert W. Adams, Washington, D.C., was on brief, for appellants in No. 84–5167 and cross-appellees in No. 84–5196.

Seth P. Waxman, Washington, D.C., with whom Stephen L. Nightingale, Washington, D.C., was on brief, for appellees in No. 84–5167 and cross-appellants in No. 84–5196.

Before WALD, GINSBURG, and SCA-LIA, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

This opinion sets out established law for this circuit on two matters. The first concerns review by cross appeal of orders that deny motions regarding venue. *See* 28 U.S.C. § 1404(a) (1982) (inconvenient forum —transfer);[1] *id.* § 1406(a) (wrong forum— dismissal or transfer).[2] The second concerns identification, for venue purposes, of the district "in which the claim arose." *See id.* § 1391(b).[3] We rule as follows on the issues presented:

---

1. 28 U.S.C. § 1404(a) reads:

    For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

2. 28 U.S.C. § 1406(a) reads:

    The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

3. 28 U.S.C. § 1391(b) reads:

    A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where

1. When a plaintiff appeals from the denial of a preliminary injunction, it is proper for the defendant to raise by cross appeal a venue objection timely presented to, but denied by, the district court.

2. In determining districts in which a claim may be regarded as having arisen for purposes of 28 U.S.C. § 1391(b) where there is arguably more than one such district, the controlling factors are the accessibility of relevant evidence and the convenience of the defendant (but *not* of the plaintiff).

## I. BACKGROUND

Noxell Corporation (Noxell), incorporated in Maryland, and its wholly-owned Texas subsidiary, Caliente Chili, Inc. (Caliente), chose the District Court for the District of Columbia as the place to lodge a trademark infringement action against Firehouse No. 1 Bar-B-Que Restaurant (Firehouse) and its proprietor, Carl T. English, Jr. Noxell develops, manufactures, and sells a variety of cosmetic, food, and household products. Firehouse operates two barbeque restaurants, both in San Francisco; English, founder and president of Firehouse, is a full-time San Francisco firefighter.

Caliente has registered the marks / FALSE ALARM, 1–ALARM, 2–ALARM, and 3–ALARM, and uses them on chili mixes and other products in the hot and spicy food field. Firehouse markets only one product, under the name Firehouse No. 1 Bar-B-Que Sauce, derived from the recipe of English's grandparents. To denote the degree of hotness of the barbeque, the bottom portion of each Firehouse label includes the words 1 ALARM, 2 ALARM, or 3 ALARM. Noxell seeks to enjoin Firehouse from using "alarm" designations.

Firehouse has no office or employees outside the San Francisco area. At the time Noxell lodged its complaint here, no more than 200 cases of Firehouse's product had been sold in the District. This number of cases amounted to less than 1.5% of Firehouse's total barbeque sauce sales. By contrast, 40% of Firehouse's total barbeque sauce sales occur in California.

Noxell filed its complaint on October 19, 1983. On November 14, Firehouse moved to dismiss or transfer (pursuant to 28 U.S.C. § 1406(a) or, alternately, 28 U.S.C. § 1404(a)) to the Northern District of California. In an order dated December 21, 1983, the district court denied the motion. The order is spare. It simply recites that the court "finds venue in [the District of Columbia] proper and that the convenience of parties and witnesses and the interest of justice would not be served by a transfer to the Northern District of California." The order additionally states: "An Opinion will follow." In fact, however, no opinion ever followed. Thus we do not know why the district court concluded that Noxell's case against Firehouse should be aired here rather than in California.

## II. APPEALABILITY

After rejecting Firehouse's venue objection, the district court heard and then denied Noxell's motion for a preliminary injunction. Noxell appealed from that interlocutory ruling pursuant to 28 U.S.C. § 1292(a)(1).[4] Firehouse thereupon challenged by·cross appeal the district court's unexplained denial of its motion objecting to venue in the District of Columbia. Noxell here maintains that the district court's refusal to dismiss or transfer pursuant to 28 U.S.C. § 1406(a) or, alternately, 28 U.S.C. § 1404(a), may not be reviewed independently because it is not a "final decision" within the meaning of 28 U.S.C.

all defendants reside, or in which the claim arose, except as otherwise provided by law.

4. 28 U.S.C. § 1292(a)(1) provides for immediate appellate review of

Interlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions....

Because we direct dismissal of this case for laying venue in the wrong district, 28 U.S.C. § 1406(a), we do not review, but instead vacate, the district court's order denying the motion for a preliminary injunction.

§ 1291, and no certification pursuant to 28 U.S.C. § 1292(b) has been obtained. Most critically, Noxell insists that the district court's venue ruling may not be reviewed as a matter ancillary to Noxell's own appeal from the denial of a preliminary injunction.[5]

Firehouse essentially demurs to the initial points made by Noxell. Firehouse seeks no "independent" review. It does not claim that the district court's refusal to dismiss or transfer is a "final" disposition reviewable under 28 U.S.C. § 1291. Further, in the absence of the promised opinion giving reasons for the district court's ruling, Firehouse could hardly seek and anticipate immediate certification under 28 U.S.C. § 1292(b), for that provision requires the district court to identify precisely the "controlling question of law as to which there is substantial ground for difference of opinion."

■ We think it beyond reasonable doubt, however, that Firehouse's challenge to the venue ruling is properly appended, by way of cross appeal, to Noxell's appeal.[6] We repeat what we have already said on this question:

> [A] federal court of appeals reviewing an interlocutory injunctive order has power to pass on the correctness of a denial of a motion to dismiss for want of jurisdiction and failure to state a cause of action. *This principle applies with full force to [defendants'] motion to dismiss for improper venue....*

*Lee v. Ply * Gem Industries, Inc.*, 593 F.2d 1266, 1270 (D.C.Cir.) (emphasis supplied), *cert. denied*, 441 U.S. 967, 99 S.Ct. 2417, 60 L.Ed.2d 1073 (1979). The above-stated position, to which we adhere, sensibly advances the just and efficient determination of civil actions. As explained by leading commentators:

> Review [of interlocutory orders] quite properly extends to all matters inextricably bound up with the remedial decision. In addition, the scope of review may extend further to allow disposition of all matters appropriately raised by the record.... Jurisdiction of the interlocutory appeal is in large measure jurisdiction to deal with all aspects of the case that have been sufficiently illuminated to enable decision by the court of appeals without further trial court development. Any other rule frequently would require wasted litigation without any offsetting advantage in economy of appellate effort or uninterrupted trial court proceedings.

C. WRIGHT, A. MILLER, E. COOPER & E. GRESSMAN, FEDERAL PRACTICE AND PROCEDURE § 3921, at 17 (1977).

### III. VENUE WHERE THE CLAIM AROSE

■ Finding no support in statute law, this circuit's decisions, or good sense for Noxell's arguments on appealability, we turn to the merits of Firehouse's venue objection. A plaintiff who establishes jurisdiction over the defendant's person must *additionally* meet venue specifications. For federal question cases such as this one, Congress has authorized suit "only in the judicial district where all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(b). The Northern District of California is the district where all defendants

---

**5.** On September 21, 1984, Noxell moved for leave to file a second reply brief. We now deny that motion. On July 11, 1984, a motions panel of this court had directed the parties "to address the issue of this Court's jurisdiction over the cross-appeal in their briefs on the merits." That order did not authorize Noxell to file three briefs where two would do. We note, moreover, a conspicuous flaw in the original and extra briefing Noxell tendered to us urging dismissal of the cross appeal. In neither brief did Noxell address a controlling decision of this court: *Lee v. Ply * Gem Indus., Inc.*, 593 F.2d 1266, 1270 (D.C.Cir.), *cert. denied*, 441 U.S. 967, 99 S.Ct. 2417, 60 L.Ed.2d 1073 (1979). That decision is squarely contrary to the position Noxell would have us take. *See infra* p. 315. Although the briefs on both sides failed to cite *Ply * Gem*, Noxell's ready attempt to distinguish *Ply*Gem* on its facts when the court referred to the decision at oral argument suggests that Noxell was not unacquainted with the case.

**6.** Firehouse's notice of appeal, filed within 14 days of Noxell's notice, was timely. *See* FED.R. APP.P. 4(a)(3).

reside.[7] Therefore, Noxell's right to maintain the action in the District of Columbia depends entirely on qualification of this district as the place "in which the claim arose."

■ At oral argument, Noxell affirmed that Caliente's products are marketed in California, and that California is indeed a place where the claim arose. But Noxell asserts that the claim arose in other places as well, particularly in the District of Columbia, based largely on the availability for sale of both Firehouse's sauce and Caliente's "2–ALARM" products in local food shops. In so arguing, Noxell appears to have collapsed or homogenized issues of personal jurisdiction and venue that should be analyzed discretely. *See Johnson Creative Arts, Inc. v. Wool Masters, Inc.,* 743 F.2d 947, 949 (1st Cir.1984) ("The minimum contacts test for personal jurisdiction is based on the *minimum* amount of 'fairness' required in order to comport with due process. Venue limitations generally are added by Congress to insure a defendant a fair location for trial and to protect him from inconvenient litigation."); *see also id.* at 951–52 (personal jurisdiction and venue "concepts are independent of each other and must be interpreted with their respective underlying objectives and rationales in mind").

■ The Supreme Court has spoken definitively to the venue issue at stake. The Court's pronouncement makes it unnecessary for us to embroider the point and renders Noxell's presentation all the more remarkable. We recite and follow the High Court's instruction on the proper interpretation of section 1391(b)'s "claim arose" language:

[I]t is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts.... In our view, ... the broadest interpretation of the language of § 1391(b) that is even arguably acceptable is that in the unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim.

*Leroy v. Great Western United Corp.,* 443 U.S. 173, 185, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1979) (footnote omitted). In terms of accessibility of relevant evidence (including witness testimony) and the convenience of the defendants, the Northern District of California and the District of Columbia plainly are not places Noxell could choose "with approximately equal plausibility."

## A.  *Accessibility of Relevant Evidence*

Aside from its own employees, all of whom reside in the San Francisco area, Firehouse intends to call as witnesses officers of two companies—both headquartered in California—that formerly used the term "alarm" in connection with their spicy products. These witnesses, Firehouse explains, are essential to the defense that "alarm" does not "suggest" hotness in a creative fashion, but rather "describes" hotness in a vernacular so workaday that it cannot be reserved for the use of any one entrepreneur. Noxell protests that these

---

**7.** We do not understand Noxell to argue that defendant English, engaged full-time as a firefighter in California, somehow "resides" in the District of Columbia. Nor do we agree that Firehouse is so extensively engaged in activity in the District of Columbia as to warrant a determination that it is "doing business" and therefore resides in the District. *See* 28 U.S.C. § 1391(c) (corporation resides for venue purposes where "it is incorporated or licensed to do business or is doing business"); *Johnson Creative Arts, Inc. v. Wool Masters, Inc.,* 743 F.2d 947, 954 (1st Cir.1984) (" '[D]oing business' in a district for purposes of § 1391(c) [should be] read to mean engaging in transactions there to such an extent and of such a nature that the state in which the district is located *could* require the foreign corporation to qualify to 'do business' there.").

witnesses would not aid Firehouse, given that Caliente persuaded one company to assign its rights to the term and the other to cease and desist from employing it. Noxell's protests, at best, go to the weight, not the relevance, of this witness testimony. Settlement with Caliente does not inevitably indicate agreement that the association of "alarm" with hot sauces is a non-descriptive novelty.

Noxell's and Caliente's employees are located in Maryland and Texas, respectively. Noxell emphasizes, however, the reliance it places, in establishing "confusion," on two proprietors of District of Columbia stores that carry both Caliente's "2–ALARM" products and Firehouse's barbeque sauce. But if confusion is provable, California, where Firehouse sells 40% of its output, seems a far better place to find shopkeeper witnesses. To the extent that testimony on confusion is key, the location in which a defendant's sales alongside plaintiff's are greatest is most plausibly designated the locus of the claim. *See Pepsi-Cola Co. v. Dr. Pepper Co.*, 214 F.Supp. 377, 382 (W.D. Pa.1963); *see also Jockey International, Inc. v. Burkard*, 182 U.S.P.Q. 126, 128 (N.D.Ill.1974) ("Given the amount of business done by plaintiff in California, we do not see what difference it could make as to whether Illinois or California residents testified on this issue.").

### B. *Convenience of the Defendant*

Turning to the *Leroy* instruction to consider "the convenience of the defendant (but *not* of the plaintiff)," we find not even a wisp of an argument for the District of Columbia as a venue choice. Firehouse's founder-proprietor, English, is a San Francisco firefighter first, a barbeque maker second. English did not market his sauce beyond Firehouse Restaurant tables until 1982, and then only on a small scale. At the time Noxell commenced this action, Firehouse had sold fewer than 14,000 cases. Not more than 200 cases had reached District of Columbia grocery shelves. Defending a trademark infringement action some 3000 miles away from where all employees and corporate records are located would exceed "inconvenience" —it would occasion a hardship for English and his current business.

### CONCLUSION

We find this conclusion inescapable: Noxell has chosen the District of Columbia simply to suit its own convenience. The forum Noxell has selected is barely plausible in terms of the accessibility of relevant evidence; certainly the District of Columbia is a far less plausible choice from that vantage point than is the Northern District of California. While trial in the District of Columbia would serve plaintiffs' convenience, it would in no way serve the convenience of the defendants. Guided by the Supreme Court's clear statement in *Leroy*, and in accord with the First Circuit's recent elaboration in *Johnson Creative Arts*, we hold that the District of Columbia may not be assigned as the locus of the claim in this case.[8]

Because we regard Noxell's attempt to lay venue in the District of Columbia as unreasonable, we do not find it "in the interest of justice" to order a transfer. *See* 28 U.S.C. § 1406(a). Instead, we vacate the order on the preliminary injunction motion and remand the case to the district court with instructions to dismiss the action because venue has been laid in the wrong district. *See* 28 U.S.C. §§ 1391(b), 1406(a).[9]

*It is so ordered.*

---

**8.** Shortly before *Leroy* was decided, this circuit held that although "a proliferation of permissible forums is staunchly to be avoided," a claim "arose" under 28 U.S.C. § 1391(b) "where a substantial portion of the acts or omissions giving rise to the actions occurred." *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C.Cir.1978). We need not decide whether the *Lamont* formulation is compatible with that of *Leroy;* we think our obligation most certainly performed if we follow the more recent expression of the Supreme Court.

**9.** It appears from the record thus far made that "the claim against [Firehouse and English] must be brought in the [Northern District of California] if it is to be brought anywhere, for that is the district which can most plausibly be as-

signed as the locus of the claim, in comparison with [the District of Columbia] or any other district into which goods were merely sent." *Johnson Creative Arts,* 743 F.2d at 956 (citing

*Leroy,* 443 U.S. at 186, 99 S.Ct. at 2718). Our disposition does not preclude Noxell from filing a new action in a place of proper venue.